## GILLES v. UNITED STATES CASUALTY CO.

(Supreme Court, Appellate Term.   January 8, 1909.)

1. STIPULATIONS (§ 14*)—EFFECT—STIPULATIONS AS TO ISSUES.
    In an action for money had and received, to recoved money contributed
    by plaintiff, whom defendant had insured under a casualty policy, towards
    settling an injury case against plaintiff, where the defense was a general
    denial, and both parties proceeded upon the theory that plaintiff's right
    to recover rested on the policy, and that defendant's liability thereunder
    was excused by plaintiff's violation of a provision therein requiring im-
    mediate notice of the accident, a stipulation by the parties that the only

issue was whether insured gave immediate notice to the company of the accident in accordance with the policy, was in effect an amendment of the pleadings, and eliminated all questions except that as to the time the notice was given.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 14.*]

2. INSURANCE (§ 665*)—INDEMNITY INSURANCE—ACTIONS—EVIDENCE—NOTICE OF ACCIDENT.

Evidence *held* to support a finding that insured complied with the provisions of a casualty insurance policy requiring immediate notice to the insurer of an accident.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nathan Gilles against the United States Casualty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Carl Schurz Petrasch, for appellant.

Isidor Cohn, for respondent.

GILDERSLEEVE, P. J. This action is brought by the plaintiff to recover the sum of $100, which he had contributed towards the settlement of a suit which was pending in the Supreme Court against the plaintiff herein, which suit was brought by one Henry Zekind, as administrator of the estate of Jessie Zekind, deceased, against the plaintiff in this action, to recover damages for injuries causing the death of the deceased, which was alleged to have occurred through the negligence of the plaintiff herein, Nathan Gilles. The plaintiff was the owner of a tenement house at No. 89 Madison street, Manhattan, and carried a policy of liability insurance with the defendant company, under which the defendant obligated itself to indemnify the plaintiff for any damages suffered by him arising out of bodily injuries that might occur within the tenement house of which the defendant was then the owner. The policy contained a provision that, on the occurrence of an accident, immediate written notice thereof must be given to the company; and it also contains the clause that, if the assured fails to comply with the conditions of the policy, the company is thereby relieved from liability. The accident in the case of Zekind v. Gilles occurred on August 5, 1904, but notice of the accident was not given to the company until November 7, 1904, three months after the accident occurred. Upon this ground the defendant disclaimed liability under the said policy, but, upon the plaintiff's statement that he did not know that the accident occurred until he had received a letter from a lawyer, the defendant company entered into an agreement with the plaintiff herein, whereby the defendant company undertook to defend this action of Zekind v. Gilles for the latter without costs for the services of its attorney, investigators, or doctors; but the question of the defendant's liability under the policy was to be reserved until the determination of the Zekind suit. At the time that this action of Zekind v. Gilles appeared on the day calendar for trial in the Supreme

Court, New York county, negotiations were entered into between the attorney for the plaintiff, Zekind, and the attorney for the defendant company with reference to settlement of the said case, and it was agreed that the said suit should be settled for the sum of $250. The matter was called to the attention of the plaintiff herein, and' he was requested to contribute half of that amount towards settlement of the case, which he finally consented to do, and he did pay over $100 to be used in settlement of the Zekind suit against him, while the defendant company paid the balance of the money.

The action at bar is brought to recover the $100, which Nathan Gilles contributed towards that settlement of the Zekind case. The pleadings were oral; the plaintiff claiming for money had and received, and the defense being a general denial. Both parties, however, proceeded with the trial upon the theory that the plaintiff's right to recover rested upon the policy, and that the defendant's liability thereunder was excused by reason of the violation of the provisions therein, requiring the plaintiff to give immediate notice of the accident to the defendant, and it was stipulated in open court, by the parties, and so appears on the minutes:

"That the only issue in this case is whether or not the assured gave immediate notice to the company of the accident, in accordance with the policy issued to him by the company."

This had the effect of an amendment of the pleadings, and effectually disposes of the appellant's claim that there was "an accord and satisfaction of the original contract by the subsequent entry into the compromise agreement." The stipulation aforesaid eliminated all questions but the one as to the time the notice was given the defendant, and upon this there was a conflict of testimony, and sufficient evidence on the part of the plaintiff from which the trial justice might well find that the plaintiff complied with the provisions of the policy in that respect.

Judgment affirmed, with costs. All concur.